STATE, Appellant, vs. FLANAGAN and others, Respondents.

*October 17—November 18, 1947.*

The cause was submitted for the appellant on the brief of the *Attorney General, Warren H. Resh,* assistant attorney general, and *Allen M. Stranz,* district attorney of Forest county, and for the respondents on the brief of *Earl L. Kennedy* of Rhinelander.

FAIRCHILD, J.    A state conservation warden, on the night of October 3, 1943, was parked on a side road just off Highway 32, about two miles west of Hiles in Forest county. About 10:20 p. m., just after he had seen several deer feeding on new seeding along the road, the warden saw the car in which respondents were riding coming around a bend and traveling very slowly.    Just after the car passed the warden he noticed a light out of the left side window sweeping the sides of the new seeding.    The warden then followed the respondents for about two miles, using the siren and red warning light with which his car was equipped.    When the respondents stopped, he informed them that he was a warden, told the driver, Flanagan, that he had seen the light sweeping from the side window and asked to look them over.    None of the respondents said anything, and when the warden looked into the car, without having opened any of the doors, he saw a lantern on the front seat, and on the floor in the back of the car he saw a gun which was neither knocked down nor in a carrying case. He then walked around the back of the car to the right side, opened the rear door and took out the gun.    When he reached

for the gun he noticed blood and deer hair on the shoes of Wied. He placed all four respondents under arrest and then asked Flanagan for the keys so that he could open the trunk. Flanagan proceeded to unlock the trunk himself. Inside the trunk was a freshly killed buck deer and a light of the type used for shining deer.

The respondents were charged with the following violations of game laws: (1) Possession of a deer during the closed season in violation of sec. 29.39, Stats. 1943; (2) transportation of a deer during the closed season in violation of sec. 29.43 (1) ; and (3) possession of a light used for the purpose of shining deer while in the possession of firearms in violation of sec. 29.22 (1), which provides, ". . . no person shall carry with him in any vehicle or automobile, any gun or rifle unless the same is unloaded, and knocked down or unloaded and inclosed within a carrying case. No person while hunting or in possession of firearms shall have in possession or under control any light used for the purpose of shining deer. . . ."

On trial the respondents made timely objection to the introduction in evidence of the state's exhibits on the ground that they were obtained through search and seizure that was unlawful under sec. 11, art. I, Const., which reads:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

The court reserved its ruling on respondents' motion to suppress any evidence obtained in the search, and the state and defense introduced all of their evidence and rested. On August 25, 1945, the trial court filed its decision sustaining the contention of respondents that the search and seizure were unlawful. The decision said in part: "The shining of a

flashlight through the window of the car in itself could arouse no more than a suspicion which is not sufficient to justify an officer in believing that an offense is probably or had been committed . . . the search in this case was initiated immediately upon sounding of the siren on the warden's car which placed the defendants under restraint, compelling the driver to stop for no other reason, as it developed, than to enable the warden to search the car."

From the order which followed this decision appeals were taken to this court under the circumstances mentioned above.

In addition to the statutes already referred to, the state relies on sec. 29.05 (6), Stats., which provides that an "officer may, with or without warrant, open, enter and examine all . . . automobiles or other vehicles . . . where he has reason to believe that wild animals, taken or held in violation of this chapter, are to be found; but no dwelling house or sealed railroad cars shall be searched for the above purposes without a warrant." The state also relies on sec. 29.05 (7), which gives conservation wardens the right to seize devices which by any provision of ch. 29, Stats., are declared to be public nuisances. Sec. 29.03 (6) declares any lamp, light, or gun used in violation of that chapter to be a public nuisance.

The judgment below resulted from an erroneous interpretation of the meaning of search. The respondents, acting in a manner that could well be calculated to be suspicious (shining deer), were stopped by the officer. We pass without discussion the point of whether the stopping of respondents constituted a trespass, for under the circumstances then existing, the officer was well within the rights which flowed from his duty to properly exercise the functions of his office. Observable acts of respondents warranted the inference drawn by the officer and led him to act on probable cause because of evidence of a violation of the game laws. After the car occupied by the respondents had been stopped, the officer saw through the windows of the car that respondents possessed both a

light capable of being used to locate deer and a gun. These were observed by the officer without any unlawful trespassing on his part against respondents. There was thus ample evidence, which the officer could plainly see, to justify the arrest when made. From what he saw resulted his duty to further investigate. Having placed the respondents under arrest, they apparently having violated sec. 29.22 (1), Stats. 1943, the officer properly proceeded with the search, which eventually brought to light the illegal possession and transportation of a deer. What the officer did was to carry out his duty to enforce the provisions of ch. 29, Stats. 1943, already referred to. There was no unreasonable search and seizure which would violate sec. 11, art. I, Const.

The motion to suppress the evidence should not have been granted. Until that evidence is reinstated by the court and is given its full weight, the correct judgment cannot be entered.

*By the Court.*—Judgment reversed. Cause remanded for further proceedings according to law.