IN the MATTER OF ISSUANCE and FILING OF COMPLAINT PURSUANT TO SEC. 968.02(3) STATS.:

Constance GAVCUS, Appellant,

v.

Thomas MARONEY, District Attorney for Waupaca County, Respondent.

Court of Appeals

*No. 85–0834–CR. Submitted on motion September 26, 1985.—Decided October 17, 1985.*
(Also reported in 377 N.W.2d 201.)

For the respondent the cause was submitted on the motion of *Thomas J. Balistreri,* assistant attorney general.

For the appellant the cause was submitted on the response of Constance Gavcus, *pro se.*

Before Gartzke, P.J., Dykman and Eich, JJ.

PER CURIAM. Constance Gavcus appeals from a circuit judge's order refusing to permit the filing of criminal complaints under sec. 968.02(3), Stats. Respondent Thomas Maroney moves to dismiss the appeal, contending that the order is not appealable. Because we conclude that the order is not appealable, we dismiss the appeal.

An appeal as of right may be taken from a final judgment or final order of a circuit court unless otherwise expressly provided by law. Sec. 808.03(1), Stats. The court may grant leave to appeal from a judgment or order not appealable as of right. Sec. 808.03(2). However, an "appeal" is defined as a review of a judgment or order of a circuit court. Sec. (Rule) 809.01(1), Stats.

The order was issued pursuant to sec. 968.02(3), Stats., which provides:

> If a district attorney refuses or is unavailable to issue a complaint, a circuit judge may permit the filing of a complaint, if the judge finds there is probable cause to believe that the person to be charged has committed an offense after conducting a hearing. If the district attorney has refused to issue a complaint, he or she shall be informed of the hearing and may attend. The hearing shall be ex parte without the right of cross-examination.

A sec. 968.02(3), Stats., proceeding is not a court proceeding. "The statute expressly provides that the proceeding is to be before a circuit judge and there is an express distinction between a judge and a court." *State ex rel. Newspapers v. Circuit Court,* 124 Wis.2d 499, 506, 370 N.W.2d 209, 213 (1985). Consequently, an order issued by

a judge in a sec. 968.02(3) proceeding is not a judgment or order of a circuit court. The supreme court held that an order issued by a judge in a John Doe proceeding was not an order made by a court which could be appealed under the old appellate statute, sec. 817.33, Stats. (1975). *State v. Washington,* 83 Wis.2d 808, 814 n.2, 266 N.W.2d 597, 600 (1978). We reach the same conclusion and hold that a circuit judge's order under sec. 968.02(3) is not appealable because it is not a judgment or order of a court.

While applicable statutes and case law compel use to reach this result, we question its wisdom. A sec. 968.02(3), Stats., proceeding is a check on the district attorney's virtually unfettered discretion to initiate criminal charges, see *State v. Braunsdorf,* 98 Wis.2d 569, 572–73, 297 N.W.2d 808, 810 (1980) (citations omitted), yet a judge's refusal to permit the filing of a complaint is unreviewable. We call this situation to the legislature's attention. Sec. 13.93(2)(d), Stats..

*By the Court.*—Appeal dismissed.