STATE of Wisconsin, Plaintiff-Respondent,

v.

T. Michael SCHOBER, Defendant-Appellant.

Court of Appeals

*No. 91-1145-CR. Submitted on briefs January 24, 1992.—Decided February 26, 1992.*

(Also reported in 481 N.W.2d 689.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Stephen M. Glynn* and *Robert R. Henak* of *Shellow, Shellow & Glynn, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *William L. Gansner,* assistant attorney general.

An *amicus curiae* brief was submitted by *William F. Hue,* special prosecutor, of Jefferson.

Before Eich, C.J., Brown and Anderson, JJ.

BROWN, J. The major issue in this case is whether a trial court has the power to grant a special prosecutor's motion to dismiss a criminal prosecution commenced by a judge after a John Doe investigation.

The trial court held, in part, that it had no such power because to do so would be tantamount to having one circuit court overruling another circuit court's decision regarding prosecutive merit. T. Michael Schober, the State of Wisconsin, and the special prosecutor unanimously assert that the trial court is wrong. We hold that because the John Doe magistrate is a judge and not a court, the trial court here would not be reversing another "court." Further, the John Doe judge found probable cause to issue a complaint, and the special prosecutor is moving to dismiss based upon facts learned subsequent to that finding. We reverse and remand with directions to dismiss.

The complainant in this action, B.B., alleged that Schober sexually assaulted her in August 1985. The complaint was brought to the Waukesha County District Attorney. Because both parties were known to members of that office, the then district attorney asked the Dane County District Attorney to review the reports and determine whether criminal charges should be issued. Steven E. Tinker, a Dane County Assistant District Attorney, was subsequently appointed acting district attorney for Waukesha county in this matter. On September 20, 1985, Tinker concluded that criminal proceedings should not be commenced because guilt could not be established beyond a reasonable doubt.

B.B. then petitioned the Waukesha county circuit court pursuant to sec. 968.02(3), Stats., to initiate criminal charges. Because the judges of that county knew Schober, the Honorable Walter J. Swietlik of Ozaukee county was appointed to consider the petition. After hearing evidence, Judge Swietlik ordered the Waukesha County District Attorney, or his designee, to file charges against Schober. The matter was stayed and an appeal was taken to the court of appeals to test the constitu-

tionality of the statute. While the case was pending, our supreme court decided a case with a similar issue and declared sec. 968.02(3) unconstitutional. *State ex rel. Unnamed Petitioners v. Connors,* 136 Wis. 2d 118, 120, 401 N.W.2d 782, 783 (1987), *overruled,* 150 Wis. 2d 352, 358, 441 N.W.2d 696, 698 (1989). Based on this decision, the court of appeals issued a writ enjoining Judge Swietlik from proceeding in the matter.

Then, B.B. petitioned the Waukesha county circuit court pursuant to sec. 968.26, Stats., for a John Doe criminal proceeding. The Honorable Richard T. Becker of Washington county was appointed to consider the petition. He held a John Doe hearing and then signed and filed a complaint against Schober, thus commencing the instant action. The Honorable John Danforth of Jefferson county was then assigned as the judge for the matter. Judge Danforth appointed Attorney William F. Hue as special prosecutor in this matter pursuant to sec. 59.44(2), Stats. (1987–88). Judge Danforth denied Schober's motion to dismiss, which claimed that, like the statute found unconstitutional in *Connors,* the John Doe statute unconstitutionally gave executive powers to the judiciary. On appeal, our supreme court affirmed Judge Danforth. *State v. Unnamed Defendant,* 150 Wis. 2d 352, 355, 441 N.W.2d 696, 696 (1989). Parenthetically, it also overruled its earlier decision in *Connors. Id.* at 358, 441 N.W.2d at 698.

On January 31, 1990, Schober was bound over for trial following a preliminary hearing before Judge Danforth. An information was filed charging Schober with two counts of third-degree sexual assault. Upon Schober's motion, one of these counts was later dismissed as multiplicitous. Judge Danforth subsequently recused himself and the case was assigned to the Honorable Lee S. Dreyfus, Jr.

Following further investigation, special prosecutor Hue moved to dismiss the case on grounds that he did not reasonably believe he could secure a guilty verdict beyond a reasonable doubt. Hue made clear to the court that the evidentiary basis for his determination was far greater than the evidence that existed when acting district attorney Tinker made a similar decision. Those new facts were: that the complaining witness-victim, B.B., was criminally charged in 1988 with injury by conduct regardless of life while armed; that B.B. was tried on her pleas of not guilty and not guilty by reason of mental disease or defect; that the jury at her trial returned verdicts finding that B.B. was guilty of the charged offense (rejecting her self-defense claim), that she suffered from a mental disorder at the time of the crime (disassociated state), but that her mental disorder did not affect her ability to conform her conduct to the requirements of the law; that there was reason to believe that B.B. had perjured herself during that trial. Hue represented to the court that these matters could be used to impeach B.B. at a trial in the present case. Hue asked the court to assess this information and then determine whether, in the "public interest," the case should be dismissed or ordered to proceed to trial.

In an oral decision, the trial court construed Hue's request as a motion to dismiss on the ground that a conviction could not be obtained. The trial court denied the motion. Although the reasoning of the trial court is not entirely clear, we agree with Schober, the state, and special prosecutor Hue that the trial court's denial was based upon two grounds: (1) that continuation of this prosecution—one commenced by court order and prosecuted by a court-appointed prosecutor—was mandated by prior circuit court decisions that the present trial court felt unempowered to overrule; and (2) that the

severe doubts as to the complainant's credibility did not affect the admissibility of B.B.'s incriminating testimony, testimony that, if believed, could support a conviction. Schober appealed, claiming that the trial court abused its discretion in denying the prosecutor's request to either terminate or continue the prosecution in the "public interest," a request construed as a motion for dismissal. The state's brief supports Schober and further requests that this court order the termination of the prosecution in the public interest. Special prosecutor Hue's brief also alleges abuse of discretion and asks that this court consider whether to order the continuance or dismissal of the case in the public interest if we believe the record contains enough information for us to make that decision. Otherwise, we should remand the matter to the trial court for that determination.

We will initially discuss the trial court's reasoning that it had no authority to sit in judgment of another circuit court's decision. Schober suggests that the trial court concluded that denial of special prosecutor Hue's motion was "effectively mandated" by the results of the John Doe proceeding. The trial court apparently viewed the John Doe result as either an unrescindable mandate that the case be prosecuted to its conclusion or that the John Doe is the functional equivalent of denial of a prosecutor's motion to dismiss in the "public interest." We agree with Schober that it is neither.

The result of a John Doe proceeding is not an order by a circuit court that the judicial branch of government has determined to try the case to the bitter end. First of all, the John Doe tribunal is not acting as a "court," but as a "judge." *Gavcus v. Maroney,* 127 Wis. 2d 69, 70, 377 N.W.2d 200, 200 (Ct. App. 1985). There is an express distinction between a judge and a court. *State ex rel.*

*Newspapers v. Circuit Court,* 124 Wis. 2d 499, 506, 370 N.W.2d 209, 213 (1985), *cert. denied,* 474 U.S. 1061 (1986). An order issued by a judge in a John Doe proceeding is not a judgment or order of a circuit court. *State v. Washington,* 83 Wis. 2d 808, 814 n. 2, 266 N.W.2d 597, 600-01 (1978). This is no doubt why the John Doe tribunal is referred to as a "magistrate" rather than the "court." Thus, the trial court's initial premise that it would be overruling another circuit court is incorrect.

Second, the purpose of the John Doe is in no way designed to decide whether to take the case to its ultimate conclusion before a trier of fact. The John Doe's purpose is "to determine if a crime has probably been committed and who probably committed it." *State v. Brady,* 118 Wis. 2d 154, 157, 345 N.W.2d 533, 535 (Ct. App. 1984). Thus, the magistrate conducting the John Doe is not concerned about the ultimate trial, but only whether there is probable cause to issue the *complaint. See Washington,* 83 Wis. 2d at 819-20, 266 N.W.2d at 603.

Third, the complaint resulting from a John Doe proceeding stands on no different footing than any other criminal complaint. It is subject to the same scrutiny in open court as any other complaint during preliminary examination as a prerequisite to the filing of an information. *State v. Doe,* 78 Wis. 2d 161, 171, 254 N.W.2d 210, 215 (1977).

Fourth, as cogently pointed out by Schober, the John Doe proceeding does not turn the John Doe magistrate into some kind of super-prosecutor with the power to mandate continuing the legal process to jury verdict.

Instead, the magistrate must be "neutral and detached" and his or her "power" is limited to determining only "probable cause." *Washington,* 83 Wis. 2d at 823–24, 266 N.W.2d at 605. We conclude that, to the extent the trial court felt unempowered to overrule another circuit court on the same issue before it, the trial court was incorrect. There was no circuit court of equal stature that had previously ruled on the issue before the trial court.

It may be that the trial court's decision was not so much based upon its belief that it was unempowered to overrule another circuit court as it was a belief that the John Doe proceeding can be equated with a denial of a prosecutor's motion to dismiss in the public interest. The underlying theme of this reasoning would seem to be the belief that the John Doe judge actually weighs the credibility of the witnesses at the outset, choosing between conflicting facts and inferences. The end result is that when the John Doe judge decides to order the complaint to be issued, that judge has ordained prosecution to verdict to be in the public interest.

■

If this was the reasoning of the trial court, although quite frankly we doubt it, the trial court was wrong. Wisconsin case law is replete with instances where the appellate courts have ruled that judges hearing probable cause determinations may not weigh inculpatory evidence against evidence supporting the defendant, may not delve into the credibility of witnesses, and may not choose between conflicting facts and inferences. *See State v. Dunn,* 121 Wis. 2d 389, 397–99, 359 N.W.2d 151, 154–55 (1984). The duty of a John Doe judge is to issue a complaint once probable cause is shown. *Washington,* 83 Wis. 2d at 824, 266 N.W.2d at 605. Thus, the limitations upon the John Doe judge are at least as great

as those of the magistrate hearing the probable cause determination after a formal complaint is issued by the district attorney. We have no hesitancy in declaring that the John Doe proceeding inherently fails to account for the public interest beyond the requirement of probable cause. If a contrary reading was meant by the trial court, we reject it.

In addition to the two explanations proffered by Schober for the trial court's rationale, there is a third explanation that is touched upon by Schober, but which we feel may be closer to what the trial court was really getting at than the second explanation given by Schober. This is the idea that a prosecutor, selected by the court, is somehow entitled to less discretion than a prosecutor elected by the citizenry.

If this was a reason for the trial court's decision, it was incorrect. At the time Hue was appointed special prosecutor in this action, special prosecutors in John Doe proceedings were appointed by judges pursuant to sec. 59.44(2), Stats. (1987-88). Prosecutors appointed under that statute have the same "duties of such district attorney" and have all the "powers of the district attorney while so acting." Section 59.44(1).

Because the special prosecutor has the same "duties" and "powers" as an elected district attorney, that prosecutor "should not . . . permit the continued pendency of criminal charges in the absence of sufficient admissible evidence to support a conviction." 1 ABA, Standards for Criminal Justice, Standard 3-3.9(a) (2d ed. Supp. 1986). The district attorney has "the responsibility to the community and to the court to recommend to the court a disposition of the case that he [or she] believes to be fair and reasonable." *Young v. State,* 49 Wis. 2d 361, 369, 182 N.W.2d 262, 266 (1971). We con-

clude that the judicially appointed special prosecutor's powers and duties are no more or no less than those of an elected district attorney.

The trial court's alternative basis for denying the special prosecutor's motion was that the complainant's testimony remains admissible even if her credibility has been severely called into question by new factors. If this basis has, as its genesis, the idea that the John Doe proceeding has the same effect as the denial of a prosecutor's motion to dismiss, then for the reasons previously stated in this opinion, the rationale is wrong. This is because the John Doe decision does not turn on the veracity of the witness, but upon the finding of probable cause.

What is more likely is that the trial court felt it had no power to grant a prosecutor's motion to dismiss where the grounds for that motion affect only the credibility of a witness rather than the admissibility of the witness' testimony. Based upon the following statement by the trial court, we think that this was, in fact, its rationale:

> One of the key factors deals with the question of whether there is sufficient admissible evidence for a prosecution for the likelihood of a conviction or the possibility of a conviction. . . . [W]hether or not credibility is an issue it does not change what is the admissibility of that evidence and certainly that evidence, if believed, could be sufficient for the purposes of a conviction.

The trial court's reasoning appears to be that dismissal of a criminal case at the prosecutor's request is not proper so long as there is a sufficient amount of admissible evidence for the case to go to the jury. Nothing in the

trial court's decision speaks to whether the decision must be one consonant with the "public interest." Thus, we must presume that the trial court was saying that if there is minimum sufficient evidence, the prosecution must proceed.

We disagree. We can find no case saying that the trial court must deny a prosecutor's motion to dismiss because there is sufficient evidence to support a conviction by a jury even though such conviction is not *reasonably* likely. The standard is not "minimal potential sufficiency of evidence" or "admissibility." The standard for a trial court in deciding whether to grant a prosecutor's motion is to dismiss or order that the case proceed in the "public interest." *State v. Kenyon,* 85 Wis. 2d 36, 45, 270 N.W.2d 160, 164 (1978).

Our supreme court has indicated that the public interest is not necessarily served by mandating prosecution in every case for which probable cause exists. *See id.* Our supreme court has also stated that it is an abuse of discretion for a prosecutor to bring charges believing that the evidence is not sufficient to support a conviction. *Thompson v. State,* 61 Wis. 2d 325, 328–30, 212 N.W.2d 109, 111 (1973). The prosecutor is the "trustee of the public's law enforcement conscience." *Id.* at 332, 212 N.W.2d at 112. In his brief, the major prosecution arm of our state, the attorney general, opines that it should be no less an abuse of discretion, or in the public interest, for a prosecution to continue where there is no reasonable likelihood that the evidence at trial will produce a guilty verdict.

We agree with this statement and rule that this is the law in Wisconsin. Simply because admissible evi-

384

dence may support a conviction will not suffice as a reason to deny a prosecutor's request for trial court direction. Instead, the trial court must weigh whether the prosecutor's assertion that there is no reasonable likelihood of conviction is correct. If it is, it is an abuse of discretion to order that the case proceed to trial.

In this case, the trial court did not decide whether the prosecutor's assertion that there is not a reasonable likelihood of conviction was correct. It did not use this test in determining whether dismissal or an order to proceed in the "public interest" should ensue. Instead, it denied the prosecutor's motion on grounds that it had no authority to act and that so long as there was admissible evidence, the issue of credibility was for the jury alone to determine, not the special prosecutor in the first instance.

Ordinarily, we would reverse and remand to the trial court to make the appropriate finding. Schober and the attorney general have asked that we grant dismissal. Special prosecutor Hue has requested that we grant dismissal rather than remand if "the record contains enough information for this court to make such a determination." We sit in the same position as the present trial court because it has not heard witnesses and has not had the benefit of observing courtroom demeanor. Rather, it had the cold, black-and-white record before it as does this court. It also had the special prosecutor's written motion and supporting text, as does this court. We deem that the trial court is in no better position to decide the issue than are we. *See* Ronald R. Hofer, *Standards of Review—Looking Beyond the Labels,* 74 Marq. L. Rev. 231, 250 (1991). We will decide the issue.

■

After analyzing the record before us, we conclude that the public interest will be served by the termination of this proceeding. The special prosecutor has submitted well-founded reasons for his belief that he cannot, to any reasonable likelihood, secure a conviction. This belief was not disputed by the trial court and we do not dispute it. The special prosecutor's belief was based on reasons that came to his attention after the preliminary hearing. We agree with the attorney general that proceeding to trial in such a case—with its attendant public and private costs—is not in the public interest. We reverse the order with directions that the trial court enter an order dismissing the case on its merits.

*By the Court.*—Order reversed and cause remanded with directions.