STATE of Wisconsin EX REL. Thomas W. REIMANN, Petitioner,

v.

CIRCUIT COURT FOR DANE COUNTY and the Honorable Michael B. Torphy, Respondents-Petitioners.

Supreme Court

*No. 96–2361–W. Oral argument October 8, 1997.—Decided December 16, 1997.*

(Review of a decision of the court of appeals.)

(Also reported in 571 N.W.2d 385.)

For the respondents-petitioners the cause was argued by *James H. McDermott*, assistant attorney general, with whom on the briefs was *James E. Doyle,* assistant attorney general.

For the petitioner there was a brief by *Peter DeWind* and *Legal Assistance to Institutionalized Persons,* Madison and oral argument by *Peter DeWind.*

¶ 1. DONALD W. STEINMETZ, J. There is one issue presented for review: when a person complains to a circuit court judge that such person believes a crime has been committed within that judge's jurisdiction, does Wis. Stat. § 968.26[1] (1995–96)[2] require the judge to examine under oath the complainant and any witnesses produced by him or her. We conclude that Wis. Stat. § 968.26 requires a circuit court judge to conduct such an examination only when the complainant has sufficiently established that he or she has "reason to believe" that a crime has been committed within that judge's jurisdiction.

¶ 2. This is a review of the decision of the court of appeals granting a supervisory writ sought by Thomas Reimann against the Circuit Court for Dane County and Judge Michael B. Torphy, Jr., *State ex rel. Reimann v. Circuit Court for Dane County*, No. 96–2361–W (Wis. Ct. App. November 13, 1996). We modify the decision of the court of appeals, and we affirm the decision, as modified, granting a supervisory writ directing Judge Torphy to conduct further pro-

---

[1] Wis. Stat. § 968.26 provides, in pertinent part, as follows:

**John Doe Proceeding.** If a person complains to a judge that he or she has reason to believe that a crime has been committed within his or her jurisdiction, the judge shall examine the complainant under oath and any witnesses produced by him or her and may, and at the request of the district attorney shall, subpoena and examine other witnesses to ascertain whether a crime has been committed and by whom committed. The extent to which the judge may proceed in the examination is within the judge's discretion. . . .If it appears probable from the testimony given that a crime has been committed and who committed it, the complaint may be reduced to writing and signed and verified; and thereupon a warrant shall issue for the arrest of the accused.

[2] All future references to Wis. Stats. will be to the 1995–96 version of the statutes unless otherwise indicated.

ceedings, consistent with this opinion, under Wis. Stat. § 968.26.

¶ 3. Thomas Reimann filed a petition for John Doe proceedings under Wis. Stat. § 968.26 in the circuit court, alleging certain criminal conduct by a Wisconsin Department of Justice special agent and by an assistant district attorney of Dane County. The petition was given under oath and was certified by a notary public. Judge Torphy denied the petition without conducting a hearing or examining Reimann. Upon review of Reimann's petition, the judge determined that some of the allegations contained therein were not actionable since they fell outside the statute of limitations. Judge Torphy also concluded that since Reimann presented his petition under oath and with supporting documents, "it [was] not necessary to again place Reimann under oath and take further evidence from him. . . ."

¶ 4. Reimann then petitioned the court of appeals for a supervisory writ under Wis. Stat. § 809.51(1)[3] compelling Judge Torphy to conduct further proceedings on the John Doe petition. The court of appeals granted a supervisory writ ordering that "Judge Torphy shall conduct an examination of the complainant and his witnesses, if any." The court relied heavily on the mandatory portion of Wis. Stat. § 968.26, which states "the judge shall examine the complainant. . . ." The court also concluded that Wis. Stat. § 968.26 does not require the complainant to satisfy any threshold test before an examination is required. Based on the mandatory language of Wis.

---

[3] Wis. Stat. § 809.51(1) provides as follows: "A person may request the court to exercise its supervisory jurisdiction or its original jurisdiction to issue a prerogative writ over a court and the presiding judge, or other person or body, by filing a petition and supporting memorandum. . . ."

Stat. § 968.26 and the absence of any threshold requirement, the court concluded that Judge Torphy was required to conduct a John Doe examination of Reimann. We accepted Judge Torphy's petition for review.

¶ 5. The sole issue presented for review is whether Wis. Stat. § 968.26 requires a judge to examine under oath the complainant and any witnesses produced by him or her, whenever such person complains that he or she believes a crime has been committed within that judge's jurisdiction. This is a question of statutory interpretation.

¶ 6. Statutory interpretation is a question of law. *See Stockbridge School Dist. v. DPI*, 202 Wis. 2d 214, 219, 550 N.W.2d 96 (1996); *Jungbluth v. Hometown, Inc.*, 201 Wis. 2d 320, 327, 548 N.W.2d 519 (1996). This court reviews questions of law de novo, without giving deference to the decisions of the lower courts. *See Jungbluth*, 201 Wis. 2d at 327; *Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 979, 542 N.W.2d 148 (1996).

¶ 7. The ultimate goal of statutory interpretation is to ascertain and give effect to the intent of the legislature. *See Stockbridge School Dist.*, 202 Wis. 2d at 219; *Hughes*, 197 Wis. 2d at 979; *Rolo v. Goers*, 174 Wis. 2d 709, 715, 497 N.W.2d 724 (1993). To achieve this goal, we first look to the plain language of the statute. *See Jungbluth*, 201 Wis. 2d at 327; *In re Interest of Kyle S.-G.*, 194 Wis. 2d 365, 371, 533 N.W.2d 794 (1995). If a statute is unambiguous, this court will apply the ordinary and accepted meaning of the language of the statute to the facts before it, *see Swatek v. County of Dane*, 192 Wis. 2d 47, 57, 531 N.W.2d 45 (1995), and we are prohibited from looking beyond such

language to ascertain its meaning. *See Stockbridge School Dist.*, 202 Wis. 2d at 220 (quoting *Jungbluth,* 201 Wis. 2d at 327). If a statute does not clearly set forth the legislative intent, we may look at the history, scope, context, subject matter, and object of the statute. *See id.*; *Interest of Kyle S.-G.*, 194 Wis. 2d at 371.

¶ 8. We therefore turn to the language of Wis. Stat. § 968.26 to determine whether it clearly sets forth the intent of the legislature. Section 968.26 provides in pertinent part: "If a person complains to a judge that he or she has reason to believe that a crime has been committed within his or her jurisdiction, the judge shall examine the complainant under oath and any witnesses produced by him or her. . . ."

■

¶ 9. The obligation Wis. Stat. § 968.26 places on circuit court judges is clear and unambiguous. The plain language of Wis. Stat. § 968.26 requires a judge to examine a John Doe complainant and his or her witnesses, if any, when the complainant has reason to believe a crime has been committed within that judge's jurisdiction. The legislature made this requirement mandatory by stating "the judge *shall* examine." The general rule is that the word "shall," when used in a statute, is presumed to be mandatory unless another construction is necessary to carry out the clear intent of the legislature. *See Wagner v. State Medical Examining Bd.*, 181 Wis. 2d 633, 643, 511 N.W.2d 874 (1994); *C.A.K. v. State*, 154 Wis. 2d 612, 621–22, 453 N.W.2d 897 (1990). There is no indication that this portion of the statute is meant to be read in any manner other than mandatory.

■

¶ 10. The mandatory nature of this requirement is supported by the legislature's careful choice of lan-

guage. When the words "shall" and "may" are used in the same section of a statute, the court can infer that the legislature was aware of the different denotations and intended the words to have their precise meanings. *See Karow v. Milwaukee County Civil Serv. Comm.*, 82 Wis. 2d 565, 571, 263 N.W.2d 214, 217 (1978). The relevant, first sentence of Wis. Stat. § 968.26 contains the word "shall" twice and the word "may" once. In total, Wis. Stat. § 968.26 employs the words "shall" and "may" alternatively 12 different times. We can therefore infer that the legislature intended "shall" to have its precise, mandatory meaning. Applying the precise meaning of the statutory text, we conclude that once a John Doe complainant has shown that he or she has reason to believe that a crime has been committed, the judge has no discretion to refuse to examine the complainant. With this conclusion of the court of appeals, we agree.

¶ 11. We disagree, however, with the court of appeals' conclusion that Wis. Stat. § 968.26 does not impose a threshold requirement on the John Doe complainant. The operative clause of Wis. Stat. § 968.26 provides: "If a person complains to a judge *that he or she has reason to believe that a crime has been committed . . .*" (emphasis added). As we view this language, there is one prerequisite to triggering the judge's duty to examine the complainant—that the complainant first establish that he or she has "reason to believe" that a crime has been committed. *See Wolke v. Fleming*, 24 Wis. 2d 606, 612–13, 129 N.W.2d 841 (1964), *cert. denied*, 380 U.S. 917 (1965) (stating that Wis. Stat. § 968.26 requires that the complainant have reason to believe a crime has been committed within the magistrate's jurisdiction); *see also State v. Doe*, 78 Wis. 2d 161, 165, 254 N.W.2d 210 (1977) (stating that a John

Doe proceeding can be commenced only if a person complains to a judge that he or she has reason to believe that a crime has been committed within the jurisdiction). Absent a showing in the petition that the complainant has reason to believe that a crime has been committed within the circuit court judge's jurisdiction, the judge is not required to examine the complainant.

¶ 12. The language of Wis. Stat. § 968.26 is ambiguous as to what threshold showing is sufficient to establish that the complainant has "reason to believe" that a crime has been committed. The term "reason to believe" is not defined in the statute, and its meaning is "capable of being understood by reasonably well-informed persons in either two or more senses." *Parental Rights to SueAnn A.M.*, 176 Wis. 2d 673, 678, 500 N.W.2d 649 (1993)(quoting *In Interest of P.A.K.*, 119 Wis. 2d 871, 878–79, 350 N.W.2d 677 (1984)). *Compare State v. Flanagan*, 251 Wis. 517, 520, 29 N.W.2d 771 (1947)(applying objective standard to determine whether "reason to believe" existed under Wis. Stat. § 29.05(6) (1947))[4] *with Kurkierewicz v. Cannon*, 42 Wis. 2d 368, 381, 166 N.W.2d 255 (1969)(applying sub-

---

[4] In *State v. Flanagan*, 251 Wis. 517, 29 N.W.2d 771 (1947), the court determined whether an officer lawfully searched a vehicle under Wis. Stat. § 29.05(6) (1947), which provided that "an officer may, with or without warrant, open, enter and examine all. . .vehicles. . .where he has *reason to believe* that wild animals, taken or held in violation of this chapter are to be found . . ." (emphasis added). Based on observable acts and inferences drawn therefrom, the court concluded that the search was lawful. *See id.* at 520.

jective standard to determine whether "any reason to believe" existed under Wis. Stat. § 966.01).[5]

¶ 13. When faced with an ambiguous statute, courts should use the established rules of statutory construction to help determine the intent of the legislature.[6] *See SueAnn A.M.*, 176 Wis. 2d at 679; *State v. Charles*, 180 Wis. 2d 155, 158, 509 N.W.2d 85 (Ct. App. 1993). Applying accepted rules of statutory construction, we conclude that the legislature intended to adopt an objective, threshold requirement in Wis. Stat. § 968.26.

¶ 14. First, we must attempt "to find the common sense meaning and purpose of the words employed in the statute." *SueAnn A.M.*, 176 Wis. 2d at 679. Wisconsin Statutes § 968.26 does not define the term "reason to believe." In the absence of statutory definitions, this court construes all words according to their common and approved usage, which may be established by dictionary definitions. *See Swatek*, 192 Wis. 2d at 61

---

[5] In *Kurkierewicz v. Cannon*, 42 Wis. 2d 368, 166 N.W.2d 255 (1969), the court determined whether a district attorney was required to order a coroner's inquest under Wis. Stat. § 966.01, which provided that a district attorney, having notice of death, "shall order an inquest if, from the surrounding circumstances, there is any *reason to believe* that death was caused by criminal conduct, suicide, or unexplained and suspicious circumstances." (emphasis added). The court concluded that the legislature selected the district attorney to make this determination because, with his experience and training, he could make the subjective judgment required by the statute. *See id.* at 381.

[6] Courts may also look to the legislative history of the statute to determine the legislature's intent. Although there is some legislative history concerning Wis. Stat. § 968.26, it is not helpful in answering the specific question before this court.

(quoting *State v. Gilbert*, 115 Wis. 2d 371, 377–78, 340 N.W.2d 511 (1983)).[7] The word "reason" is commonly defined as "an underlying fact or cause that provides logical sense for a premise or an occurrence: *There is reason to believe that the accused did not commit this crime.*" *American Heritage Dictionary of the English Language* 1506 (3rd ed. 1992)(emphasis original). The word "believe" is commonly defined as meaning "to accept as true or real" or "to credit with veracity." *See id.* at 169.

¶ 15. Employing the common definitions of the words "reason" and "believe," we conclude that the precise language of Wis. Stat. § 968.26 requires a John Doe complainant to do more than merely allege in conclusory terms that a crime has been committed. The allegation must be supported by objective, factual assertions before a circuit court judge is required to conduct an examination of the complainant. Accordingly, if a John Doe complainant, in his or her petition, presents only conclusory allegations, or fails to allege facts sufficient to raise a reasonable belief that a punishable crime has been committed, the circuit court judge may, in the exercise of his or her legal discretion, deny the petition without an examination. *Cf. Nelson v. State*, 54 Wis. 2d 489, 497–98, 195 N.W.2d 629 (1972) (finding denial of motion to vacate a guilty plea without conducting an evidentiary hearing was not an abuse of discretion where defendant presented only conclusory allegations); *State v Smith*, 60 Wis. 2d 373, 383, 210 N.W.2d 678 (1973) (affirming decision to deny, without evidentiary hearing, motion for postconviction relief

---

[7] However, this general rule of statutory construction does not apply to technical words and phrases that have a peculiar meaning. *See State v. Martin*, 162 Wis. 2d 883, 904, 470 N.W.2d 900 (1991).

where allegations were conclusory and failed to raise question of fact); *State v. Bentley*, 201 Wis. 2d 303, 319, 548 N.W.2d 50 (1996) (holding circuit court did not erroneously exercise its discretion in denying, without evidentiary hearing, defendant's postconviction motion).[8]

■■■■

¶ 16. Second, it is a basic rule of statutory construction that courts are to give effect to every word of a statute, if possible, so that no portion of the statute is rendered superfluous. *See Lake City v. Mequon*, 207 Wis. 2d 156, 163, 558 N.W.2d 100 (1997); *State v. Petty*, 201 Wis. 2d 337, 355, 548 N.W.2d 817 (1996). Reimann argues that Wis. Stat. § 968.26 does not impose a threshold requirement on John Doe complainants. In essence, Reimann asks us to adopt a subjective test of "reason to believe," that a judge is required to examine every complainant who complains that he or she subjectively believes a crime has been committed. This reading of Wis. Stat. § 968.26 would render the "reason to believe" language superfluous. The only logical purpose for including this language would be to require the complainant to establish something more than mere subjective belief. Had the legislature intended to employ a subjective test, it could have done so by requiring an examination if a person simply complains to a judge "that he or she *believes* that a crime has been

---

[8] Although the purpose of conducting an examination of a John Doe complainant under Wis. Stat. § 968.26 is substantively different than holding an evidentiary hearing under Wis. Stat. § 974.06 (postconviction procedure), the discretion conferred upon the circuit court judge in each situation is similar as to whether the movant has alleged sufficient facts to entitle him or her to an examination or evidentiary hearing.

committed." The legislature chose not to use such language.

¶ 17. To the contrary, the legislature specifically added the "reason to believe" language in the 1949 revision of the criminal code. *See* § 33, ch. 631, Laws of 1949. Prior to the 1949 revision, the John Doe statute required a magistrate to examine a complainant merely "[u]pon complaint to such magistrate that a criminal offense had been committed . . ." Wis. Stat. § 361.02 (1947).[9] Noticeably absent from the 1947 statute is any language requiring the complainant to show "reason to believe" that a crime has been committed. The pre-revision language of the John Doe statute may have supported Reimann's subjective-test interpretation; the current language does not. The current language of Wis. Stat. § 968.26 retains the additional "reason to believe" requirement added in 1949. The legislature has chosen not to remove this threshold requirement from the John Doe statute. We refuse to do so here.

¶ 18. Third, statutes should be interpreted in a manner that supports their underlying purpose. *See Lukaszewicz v. Concrete Research, Inc.*, 43 Wis. 2d 335, 342, 168 N.W.2d 581, 585 (1969). The procedure required by Wis. Stat. § 968.26 must, of course, be consistent with the purpose of the statute.

---

[9] Wis. Stat. § 361.02 (1947) provided in pertinent part:

**361.02 Complaint and warrant; John Doe Proceeding.**
(1) Upon complaint made to any such magistrate that a criminal offense has been committed, he shall examine, on oath, the complainant and any witness produced by him, and shall reduce the complaint to writing and shall cause the same to be subscribed by the complainant;. . . .

¶ 19. The purpose of Wis. Stat. § 968.26 is two-fold. First, and most obvious, a John Doe proceeding is intended as an investigatory tool used to ascertain whether a crime has been committed and if so, by whom. *See State v. Cummings*, 199 Wis. 2d 721, 736, 546 N.W.2d 406 (1996) (citing *State v. Washington*, 83 Wis. 2d 808, 822, 266 N.W.2d 597 (1978)); *see also* Wis. Stat. § 968.26. Second, the John Doe proceeding is designed to protect innocent citizens from frivolous and groundless prosecutions. As we explained in *State ex rel. Long v. Keyes*, 75 Wis. 288, 294–95, 44 N.W. 13 (1889):

> When [the John Doe] statute was first enacted the common-law practice was for the magistrate to issue the warrant on a complaint of mere suspicion, and he was protected in doing so. This was found to be a very unsafe practice. Many arrests were made on groundless suspicion, when the accused were innocent of the crime and there was no testimony whatever against them. This statute was made to protect citizens from arrest and imprisonment on frivolous and groundless suspicion.

A John Doe proceeding under Wis. Stat. § 968.26, therefore, serves both as an inquest into the discovery of crime and as a screen to prevent "reckless and ill-advised" prosecutions. *See Washington*, 83 Wis. 2d at 822.

¶ 20. Applying an objective test to determine whether a complainant has established "reason to believe" a crime has been committed is consistent with both purposes of the statute. The objective test permits complainants to initiate reasonable, fact-based John Doe proceedings to determine whether a crime has

been committed and if so, by whom. At the same time, it also allows the judge to screen for and weed out groundless and frivolous petitions without requiring further proceedings that may be injurious to the accused.

¶ 21. Although we recognize that crime victims and other complainants should have recourse to the judicial branch when the executive branch fails to respond to their complaints, we reject the argument that Wis. Stat. § 968.26 was designed to give all John Doe complainants their day in court. As we explained in *Washington*, the John Doe judge has no authority to ferret out crime. *See Washington*, 83 Wis. 2d at 822. Rather, the John Doe investigation is essentially limited to the subject matter of the petition filed under Wis. Stat. § 968.26. *See id.*

¶ 22. Finally, it is a fundamental rule of statutory construction that any result that is absurd or unreasonable must be avoided. *See State v. Peete*, 185 Wis. 2d 4, 17, 517 N.W.2d 149 (1994); *State v. Pham*, 137 Wis. 2d 31, 34, 403 N.W.2d 35 (1987). Adopting Reimann's interpretation of Wis. Stat. § 968.26 would lead to absurd results. We specifically held in *Washington* that a John Doe proceeding cannot be used to obtain evidence against a defendant for a crime with which the defendant has already been charged. *See Washington*, 83 Wis. 2d at 824. Under the interpretation Reimann suggests, a circuit court judge would have no choice but to examine under oath a complainant, and his or her witnesses, even if that judge were precluded by our decision in *Washington* from conducting further proceedings. The legislature surely did not intend this absurd result.

¶ 23. In addition, under Reimann's interpretation of Wis. Stat. § 968.26, a circuit court judge would be required to conduct an examination of the complainant and his or her witnesses even if: (1) the facts alleged in the John Doe petition could not possibly constitute a crime; (2) prosecution of the crime alleged in the petition is barred by the statute of limitations; or (3) the petition is patently meritless or is filed merely as an abuse of process. Requiring a circuit court judge to conduct examinations in such cases would be unreasonable and would result in a waste of limited judicial resources.

¶ 24. Applying these established rules of statutory construction, we conclude that Wis. Stat. § 968.26 imposes a threshold requirement on persons filing petitions for John Doe proceedings. Before a circuit court judge's obligation to conduct an examination under Wis. Stat. § 968.26 is triggered, the John Doe complainant must establish that he or she has "reason to believe" a crime has been committed within that judge's jurisdiction. Under the interpretation of Wis. Stat. § 968.26 we apply today, a John Doe complainant must do more than merely allege that a crime has been committed. Before a circuit court judge is required to conduct an examination of a complainant, that complainant, in his or her petition, must allege objective, factual assertions sufficient to support a reasonable belief that a crime has been committed.

¶ 25. We do not equate this "reason to believe" standard of Wis. Stat. § 968.26 with the probable cause required to support a criminal complaint.[10] There is no

---

[10] Unlike a petition for John Doe proceedings, a criminal complaint must set forth certain facts which would lead a rea-

requirement that a finding of probable cause be made before a John Doe proceeding is commenced. To the contrary, the statute prescribes that a determination of probable cause is to be made after subpoena and examination of the witnesses. We reaffirm our statement in *Washington*:

> The John Doe complaint. . .need not name a particular accused; nor need it set forth facts sufficient to show that a crime has probably been committed. The John Doe is, at its inception, not so much a procedure for the determination of probable cause as it is an inquest for the discovery of crime. . . .

*Washington*, 83 Wis. 2d at 822. Although the line dividing "reason to believe" from probable cause may appear slight, its position in Wis. Stat. § 968.26 must remain secure.

¶ 26. The John Doe procedure we adopt today gives citizens access to an impartial and neutral jurist for review of their criminal complaints. It does not, however, require the judge to conduct a time-consuming hearing of petitions that are spurious, frivolous, or groundless. The circuit court judge to whom a John Doe petition has been presented, therefore, must first determine from the face of the petition whether the complainant has shown that he or she has reason to believe that a crime has been committed. If the judge finds that the complainant has made such a showing, the judge has no choice but to examine the complainant

sonable person to conclude that a crime had probably been committed and that the defendant named in the complaint was probably the culpable party. *See State v. Haugen*, 52 Wis. 2d 791, 793, 191 N.W.2d 12 (1971); *State v. White*, 97 Wis. 2d 193, 203, 295 N.W.2d 346 (1980).

under oath. If, however, the judge finds that the complainant has failed to establish "reason to believe," that judge may deny the John Doe petition without conducting an examination.

¶ 27. This, of course, is not to say that the judge's decision may rest upon prejudice or caprice. In determining whether the petition is worthy of further treatment, a circuit court judge must act as a neutral and detached magistrate. In making this decision, the judge should not weigh the credibility of the complainant or choose between conflicting facts and inferences. *See State v. Schober*, 167 Wis. 2d 371, 381, 481 N.W.2d 689 (Ct. App. 1992). For some complainants, the John Doe procedures available under Wis. Stat. § 968.26 provide their only entrance to the state courts. Although we believe that circuit court judges must perform some gate-keeping functions under Wis. Stat. § 968.26, we do not here intend to close the doors of the courtroom to those persons who may have reason to believe a crime has been committed. In addition, the judge must recognize that many John Doe petitions are filed *pro se* by complainants not trained in the complexities of criminal law and procedure. Where a mere technical error on the face of the petition, or an inadequacy in the facts alleged therein, can be cured by a simple request for additional information, justice may be best served under Wis. Stat. § 968.26 by the judge simply making such request or examining the complainant.

¶ 28. Discretion of a limited nature is conferred upon the judge by Wis. Stat. § 968.26, and there must be evidence that discretion was in fact exercised. If a circuit court judge denies a petition for further proceed-

ings without examining the complainant, that decision is subject to review under the provisions of Wis. Stat. § 809.51, by which a writ of mandamus may be sought to compel the judge to conduct under oath an examination of the complainant and any witnesses he or she might produce.

¶ 29. Based on the foregoing, we modify the decision of the court of appeals. The court of appeals erred in concluding that Judge Torphy was required to examine Reimann without considering whether Reimann satisfied the threshold requirement Wis. Stat. § 968.26 places on John Doe complainants. Since we also conclude that Judge Torphy applied the wrong rule of law, we affirm the decision of the court of appeals granting a supervisory writ. We direct Judge Torphy to conduct further proceedings, consistent with this opinion, to determine whether Reimann, in his John Doe petition, has established that he has reason to believe that a punishable crime has been committed within Judge Torphy's jurisdiction. If Judge Torphy determines that the crimes alleged in Reimann's petition are beyond the applicable statute of limitations,[11] he may deny the petition without conducting an examination of Reimann.

---

[11] In determining whether the crimes alleged by Reimann are beyond the appropriate statute of limitations, Judge Torphy, like any judge applying a statute of limitations, must consider not only the time having passed since the alleged crime occurred, but also the occurrence of events and the existence of factors that may have tolled the running of the statute of limitations.

*By the Court.*—The decision of the court of appeals is modified and as modified, affirmed.